# Exhibit E

SkyWest AIRLINES®

# Employee Request for Religious Accommodation



## Employee Information

Employee Name: Shane Andrew Cassell (First | Middle | Last) Employee Number: 051321

Original Hire Date: 11/7/2016 Position: Pilot / First Officer

Dept/Location: Training (TRG) Home Phone: (513) 338-9915

Manager Name: Jake Whicker Manager Phone: (801) 258-4527

## Accommodation Request Details

*Attach additional pages if necessary.*

1. Describe the purpose of your request for a religious accommodation.

The purpose is to request accommodations with work and training so that I am able to uphold my deeply held, sincere, religious convictions as a Seventh-Day Adventist Christian.

2. Describe how your religious beliefs limit your ability to perform the essential functions of your job. Please be as specific as possible.

As a Seventh-Day Adventist Christian, it is my deeply held, sincere, religious conviction that the period from Friday sundown through Saturday sundown is holy. In keeping with my beliefs on this subject, I am unable to be present for work or training functions during this time.

3. Describe the accommodation or modification being requested and explain how the accommodation will enable you to perform the essential functions of your job. Please be as specific as possible.

I am asking that I not be scheduled for work shifts or training functions during the period of Friday sundown through Saturday sundown. My religious convictions do not limit my ability to perform the essential functions of my job as a pilot. I am just requesting this time off each week.

4. Will you be able to perform all of the essential functions of your job if you receive the requested accommodation? ☒ Yes ☐ No If no, please describe the specific functions you will not be able to perform.

5. Are there any other modifications that would assist you in performing the essential functions of your job? ☐ Yes ☒ No If yes, please describe the other modification(s).

Employee Signature [signature] Date: 10/26/2016

CASSELL 001

**SkyWest** AIRLINES®

October 27, 2016

Shane A. Cassell - 51321

RE: Memorandum of Agreement for Religious Accommodation Request

This Memorandum of Agreement is in response to a request for religious accommodation. The company has thoroughly reviewed the information Shane Cassell has provided both verbally and in writing, citing the specific religious observances and desire for company induced scheduling changes.

After extensive evaluation and consideration of the request as well as evaluation of the quality, safety, operational impact as well as training footprint structure for SkyWest, it has been determined that we are unable to honor the specific request with work scheduling. However, as an accommodation we have provided FO Cassell with tools to meet his religious requirements. Options include pursuit of schedule changes as defined by company and departmental resources (e.g. drop/trade shift, bid for desired work assignments, domicile staffing/available shifts).

As standard for all pilots, unexcused work assignment will be addressed as defined by the Flight Operations reliability program PPM 3006.

Thank you for engaging in this dialogue regarding your request. Should you have any questions, please contact me directly.

| | | |
|---|---|---|
| Coy K. Bryant | Jake Whicker | Shane A. Cassell |
| Mgr. Employee Relations | Mgr. CRJ Training \| Flt Ops. | First Officer |

My signature does not relinquish my request for religious accommodation.



CASSELL 002

DEC 01 2016

SkyWest AIRLINES

**SUPERVISOR FORMS**

# Termination / Final Check Request



Actual Termination Date: 11/30/16 Employee #: 51321

Employee Name: Shane Cassell Date of Hire: 9/8/16

Location: Training Department: Flight Operations Last Day Worked: 11/30/16

Termination Code: 100 Resignation; Voluntary; Eligible for Rehire

Comments: Religious convictions prevented reported for an assigned shift.

**Company Property Returned:**

| Yes | No | N/A | Item | Amount |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | Uniforms ☐ Part Time ☐ Full Time | $ |
| ☐ | ☐ | ☒ | InFlight Manual | $ 50 |
| ☐ | ☐ | ☒ | Liquor Fund | $ 20 |
| ☐ | ☐ | ☒ | SIDA Badge | $125 |
| ☐ | ☐ | ☒ | Facility Keys | $ 20 |
| ☐ | ☐ | ☒ | SkyWest ID Badge | $ 25 |
| ☐ | ☐ | ☒ | KCM | $ |
| ☐ | ☐ | ☒ | Parking | $ |

EFB returned

_____ Deduct from my final paycheck (employee's initials)

_____ Returned property documented in i-Manage, anything returned later can be documented by emailing Employmentstandards@skywest.com. Any outstanding property will be submitted for billing and collection.

_____ Returned badges shredded or sent to Employment Standards at HDQ, all Proxy cards must be returned to HDQ.

**Method of Delivery**

☐ Mail Address: _____

Attn: _____ Location: _____

☐ DBC Check Check #: _____ Fax #: _____ Time Needed: _____

Is Dayforce up to date: ☐ Yes ☐ No (fax copy of timecard)

**Hours Left to Pay Out**

Regular: _____ Travel: _____

Overtime: _____ Taxable Per Diem: _____

Doubletime: _____ Non-Taxable Per Diem: _____

Training: _____ Other: _____

**PAYROLL USE ONLY**

User _____

Vacation _____

Stock _____

Deductions: _____

Gross $ _____

Net $ _____

Requested By

Approved By

**I have been informed Company Policy Manual SP 75 Termination Appeals Procedure may provide for an appeal of this termination. I understand I must call 888.273.9994 within five business days from today to have my request considered.**

[signature] Date: 11/30/2016

Separated Employee's Signature

[signature] Phone: 801-219-4521

Department Manager's Name (sign and print)

[signature] Date: 11/30/16

Witness Signature

---------- Forwarded message ---------
From: **Jake Whicker** <jake.whicker@skywest.com>
Date: Fri, Dec 2, 2016 at 3:06 PM
Subject: RE: Clarification of yesterdays events
To: Shane Cassell <shanecassell1@gmail.com>
Cc: Coy Bryant <Coy.Bryant@skywest.com>, Dave Moxham <DMoxham@skywest.com>

Good afternoon Shane,

Thank you for reaching out for clarification on this issue. I understand this is a very important matter for you personally and professionally.

On October 27, 2016, we signed a letter regarding your request for Religious Accommodation. The letter states in part:

- It has been determined that we are unable to honor the specific request with work scheduling...
- We have provided FO Cassell with tools...
    - Options include pursuit of schedule changes as defined by company and departmental resources
        - Drop/trade shift, bid for desired work...

You were assigned to report to and attend a shift that begins tonight (Friday 12/2/16) at 1600 and would end at 1800. This shift is a normal part of CRJ Ground training, and unfortunately there were no alternative shifts for which you could trade or bid for in accordance with established practices. The training in this shift is required training and must be completed in its entirety.

After weighing your options, you stated that you were unwilling to attend the training as scheduled this evening. Subsequently, you resigned your employment with SkyWest Airlines. Had you continued your employment and didn't report for or complete the assignment, your employment would have been terminated as this is a required job function.

I have attached your religious accommodation request and a copy of the termination paperwork. If you have any further questions, please work directly with Coy Bryant on this issue.

Respectfully,

Jake Whicker

**From:** Shane Cassell [mailto:shanecassell1@gmail.com]
**Sent:** Thursday, December 01, 2016 3:28 PM
**To:** Jake Whicker
**Subject:** Clarification of yesterdays events

Jake,

I'm emailing you just to clarify what happened Wednesday afternoon regarding my resignation. As you may recall, in October I submitted a request for religious accommodation regarding my need to have Friday sundown through Saturday sundown free from training and work. SkyWest made accommodations by scheduling me in a different CTP class as well as scheduling my simulators outside of those requested hours. However, when told there was no accommodation that could be provided for the one hour of the matrix session that I would miss on Friday December 2, it was difficult for me to accept in that moment and when faced with the option to compromise my deeply held religious convictions or resign, my emotions clouded my ability to think clearly and I fear I may have misunderstood part of the situation. I want to clarify with you that if I had indeed left at sundown on Friday in the middle of the matrix session, my employment with SkyWest would have been terminated. If I am wrong in understanding this, I am withdrawing my resignation and would like to go back to class even if it means waiting until another ground school start date and starting over again.

I would also like a copy of the resignation paper that I signed for my records.

Thank you for your time.

Shane

**2 attachments**



**Cassell Term.PNG**
293K

**CASSELL_51321_RELIGIOUS_ACCOM.pdf**
111K

**From:** Alan Reinach
**Sent:** Sunday, December 4, 2016 12:05 PM
**To:** Coy.Bryant@skywest.com
**Cc:** Shane Cassell <shanecassell1@gmail.com>; McFarland, Todd <McFarlandT@gc.adventist.org>
**Subject:** Shane Cassell -- religious accommodation request

Mr. Bryant: Mr. Cassell has been referred to you as the human resources manager who can properly address his request for religious accommodation. As a Seventh-day Adventist, he does not work from sundown Friday to sundown Saturday, a day he observes as the Sabbath, i.e., a religious day of rest. I believe you may already be aware of his situation from his manager, Mr. Jake Whicker. Mr. Cassell was forced to resign, or be fired, when his Sabbath accommodation was denied with respect to a portion of his pilot certification training. We believe this decision was made in error, and request your assistance in working out a suitable religious accommodation for Mr. Cassell so he can get his career with Sky West back on track. If you need any information from us, please don't hesitate to ask. We will appreciate the courtesy of a prompt reply.

CHURCH STATE COUNCIL

Alan J. Reinach, Esq.

Executive Director

Church State Council

2686 Townsgate Road

Westlake Village, CA 91361

805-413-7398 (direct)

www.churchstate.org

ajreinach@churchstate.org

**SkyWest**
AIRLINES®

Direct Dial: 435.634.3530
Direct Fax: 435.634.3505
e-mail: temerson@skywest.com

December 8, 2016

**VIA E-MAIL: ajreinach@churchstate.org and U.S. Mail**
Alan J. Reinach, Esq.
Executive Director
Church State Council
2686 Townsgate Road
Westlake Village, CA 91361

*Re: Shane Cassell*

Dear Mr. Reinach:

Thank you for your e-mail sent December 4, 2016, to Coy Bryant. Please allow me to respond on his behalf.

SkyWest employs more than 4,000 pilots, many of whom have deeply-held religious beliefs. We respect those beliefs and do our utmost to accommodate each employee's desire to avoid a conflict between work and church.

As such, we have developed a robust seniority system with shift trades and vacation days to help employees manage their work schedules. As Mr. Cassel gains seniority, he will be able to utilize these tools to avoid working on the Sabbath, however, over the course of his first few years of employment, when Mr. Cassel has low seniority, he will absolutely and unavoidably be required to work on Saturday and other holidays, as more senior pilots typically avoid working those days.

As you likely know, a requested variance in a bona fide seniority system creates undue hardship. *See* 42 U.S.C. § 2000e-2(h); 29 C.F.R. § 1605.2(e)(2); *Stolley v. Lockheed Martin Aero. Co.*, 100 Fair Empl. Prac. Cases (BNA) 642, 2007 U.S. App. LEXIS 7303 (5th Cir. March 28, 2007)(An employer is not required to make an accommodation that would "deny the shift and job preferences of some employees," or "deprive them of their contractual rights, in order to accommodate . . . the religious needs of others.")

Mr. Cassel resigned from our flight training program because a training class would extend one hour into the Sabbath. I admire his faithfulness. But if he returns, he will unavoidably be tasked with working on all or part of the Sabbath for several years to come. If he

has changed his position on Sabbath observance – or if he can think of another acceptable accommodation – please let me know and I would be pleased to discuss it with you.

Sincerely,

Todd C. Emerson
Director of Government and Legal Affairs

Church State Council
DEC 14 2016
RECEIVED

CHURCH STATE COUNCIL

A Religious Liberty Ministry of the Pacific Union Conference of Seventh-day Adventists

December 12, 2016

By email and regular mail
Todd C. Emerson
Director of Government and Legal Affairs
Sky West Airlines
444 South River Road
St. George, Utah 84790

Re: Religious discrimination claim of Shane Cassell

Dear Mr. Emerson:

I am in receipt of your letter of December 8th, and have reviewed it with our church's associate general counsel, Todd McFarland. Frankly, we find SkyWest's position extremely disturbing. You take the position that SkyWest has no obligation to provide religious accommodation to pilots who observe the Sabbath from sundown Friday to sundown Saturday as a religious obligation. This position is in direct violation of the company's duties under Title VII. You state this position based on your assumption – no facts are presented – that pilots "will absolutely and unavoidably be required to work on Saturday" until they gain sufficient seniority. This is pure speculation, something none of the Circuit courts tolerate.

For your information, there are Sabbath observers working as pilots and flight attendants in seniority based systems who have never worked on Sabbath, even from their date of hire.

But there is a more fundamental problem with your analysis: the seniority system did not come into play with respect to Mr. Cassell's constructive discharge. [He has been told, in writing, that if he did not resign he would have been terminated, so it clearly is a constructive discharge.] *Relieving Mr. Cassell of the obligation to complete his training class during Sabbath hours did not implicate any seniority issues.* In fact, it was more akin to a routine accommodation for someone with a disability. Mr. Cassell could have completed his training without doing so on Sabbath – seniority had nothing to do with his being forced to quit. To restate this in terms of the 5th circuit opinion you cite: no other employee would be denied their shift and/or job preference, or be deprived of their contractual rights in order to accommodate Mr. Cassell not completing flight training on Sabbath.

I urge you to reconsider your company's position.

Sincerely,

Alan J. Reinach, Esq.
Executive Director

Cc: Shane Cassell
Todd McFarland, Associate General Counsel
General Conference of Seventh-day Adventists

SkyWest AIRLINES®

Direct Dial: 435.634.3530
Direct Fax: 435.634.3505
e-mail: temerson@skywest.com

February 3, 2017

**VIA E-MAIL: ajreinach@churchstate.org and U.S. Mail**
Alan J. Reinach, Esq.
Executive Director
Church State Council
2686 Townsgate Road
Westlake Village, CA 91361

***Re: Shane Cassell***

Dear Mr. Reinach:

I am writing in reply to your December 12th letter. You felt my statement that Mr. Cassell "will absolutely and unavoidably be required to work on Saturday and other holidays" was speculation.

My statement was drawn from conversations with the leadership in our Crew Scheduling Department and based on their long experience. Since receiving your letter, I directed an analyst in the Flight Operations Department to review the schedules for 100 recently hired pilots over the past 12 months, including Mr. Cassell's classmates. No matter what scheduling preferences they requested, each pilot got a schedule that required them to work on a Saturday. None of the 100 pilots, no matter how they bid, or attempted to drop or swap an undesirable trip, were able to avoid Saturday work. This is because all Monday – Friday trips were selected by senior pilots. This is not surprising, as most employees attempt to match their work schedules with their family schedules, where spouses and children are typically free on the weekends.

I am sorry that I did not specifically address your concern with training schedules. I would be pleased to discuss how training schedules could be altered to accommodate Seventh-day Adventists who wish to observe the Sabbath. However, in the case of Mr. Cassell, unless he is willing to work on the Sabbath after he leaves training, resuming his training would be futile.

I again wish to reiterate my admiration for Mr. Cassell's faithfulness and commitment to his values. SkyWest has more than 10,000 employees and every major religion can be found among our workforce. Their religious observances and holidays fall on every day of the week.

We believe that a balancing of these religious preferences is best met through our seniority system and the courts have concurred.

Very truly yours,

Todd C. Emerson
Director of Government and Legal Affairs

Church State Council
FEB 09 2017
RECEIVED

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

AGENCY: ☒ FEPA ☒ EEOC

CHARGE NUMBER:

_______________________________________ and EEOC

(State or Local Agency, if Any)

| NAME (Indicate Mr., Ms., or Mrs) | HOME TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| Mr. Shane Andrew Cassell | (513) 338-9915 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 2106 Kirby Rd. Lebanon, OH 45036 | | 04/18/1991 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|---|
| Sky West Airlines Inc. | >15 | (435) 634-3000 | |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE | COUNTY |
| 444 South River Rd | | St. George, Utah 84790 | Washington |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) | |
| | | | |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE | |
| | | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE

EARLIEST: 10/27/2016 LATEST: 12/01/2016

CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s))

See attached page

I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**I declare under penalty of perjury that the foregoing is true and correct.**

02/08/2016

Date

Charging Party (Signature)

**NOTARY – (When necessary to meet State and Local Requirements)**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

**SIGNATURE OF COMPLAINANT**

**SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE:**

(Month, day and year)

EEOC FORM 5 (Rev. 07/99)

**Attachment to "Charge of Discrimination" discussing particulars of the discrimination**

As I began employment with SkyWest Airlines, I made a request for religious accommodation before I even began class with them. At first, SkyWest Airlines made effort to accommodate me by scheduling my CTP simulator sessions outside of the Sabbath hours (Friday sundown to Saturday sundown). I also filled out paperwork for a religious accommodation which was denied to me in any area that I had control over. At SkyWest, pilots bid for their schedules and training simulator time based off seniority. Seniority was assigned to our class based off the first digit of the last four numbers of our social security number unless you were either a former employee or a member of the SkyWest cadet program, at that point you were given your class seniority based off of the date you joined the company. All others fell below. I was not unwilling to work with my classmates and future co-workers to "drop, trade, and bid" my work shifts as I would like to follow the set methods of operation at SkyWest, however I had no control over anything outside of that, such as ground school or Initial Operating Experience (IOE). I told SkyWest that I was asking for them to accommodate me where I was not able to use the tools given to me to attempt working outside the Sabbath hours, to which I received no response. In emails I received before class, it was made known to me that ground school would be on Monday – Friday from 8am to 5pm. The sun set just after 5:00 pm in Salt Lake City so there would be no conflict. I made sure of this ahead of time to avoid creating unnecessary conflict with SkyWest.

The first week went by fine, and I had no issues. However, the second week I was told that there would be four matrix sessions (essentially learning the checklists and which switches/buttons to push in each phase of operation) that would happen in a different building. Our class would let out at 3:00 pm on those four days and our matrix sessions would then start at 4:00 and go to 6:00, and a second would go from 6:00 to 8:00. The first session fell on a Friday evening. As soon as the problem presented itself, I spoke with the class instructor and was directed to Jake Whicker, the CRJ aircraft training manager. After a few failed attempts to get in touch with him, he called me the evening of November 30th and indicated that he may be able to make an accommodation for me, but would check with Human Resources. I was to check in with him the next day at lunch time to see what accommodation was able to be made. When I met with him at lunch, he had not yet called corporate and said that he would come find me after he had a chance to do so. Not even an hour later, he came and called me out of class to inform me that no accommodation would be made and that I could either "make it work with your religion" and attend the event, not attend the event and be terminated, or resign. I resigned to save myself from being fired as it is my sincere, deeply held belief that Friday sundown to Saturday sundown is a holy time period and I cannot attend work or training functions during that time.

It appears to me that SkyWest made no effort to accommodate me as they took very little time to look at various options that could have been made available to accommodate me. I believe I have been discriminated against. In addition to that, I believe that SkyWest has the pilot staffing to be able to accommodate my request to have Friday sundown through Saturday sundown free from flight duty and I believe their unwillingness to find a reasonable accommodation for me is discriminatory behavior. I am willing to follow their rules and abide by the bidding system in place at SkyWest, however I want SkyWest to work with me if or when I am assigned a flight or training exercise during the Sabbath hours. I do not want to be terminated over my sincere, deeply held religious beliefs.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

**1. Personal Information**

Last Name: Cassell First Name: Shane MI: A

Street or Mailing Address: 2106 Kirby Road Apt or Unit #:

City: Lebanon County: Warren State: OH Zip: 45036

Phone Numbers: Home: (__) ______ Work: (__) ______ Cell: (513) 338-9915

Email Address: shanecassell1@gmail.com

Date of Birth: 04/18/1991 Sex: X Male D Female Do You Have a Disability? D Yes X No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? D Yes X No

ii. What is your Race? Please choose all that apply. D American Indian or Alaskan Native D Asian X White D Black or African American D Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? American/Caucasian

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Scott Cassell Relationship: Father

Address: 2106 Kirby Road City: Lebanon State: Ohio Zip Code: 45036

Home Phone: (513) 740-2433

Other Phone: (__) ______

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

X Employer D Union D Employment Agency D Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here D and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

**Organization Name: SkyWest Airlines**

Address: 444 South River Road County: Washington City: St. George State: Utah Zip: 84790

Phone: (801) 258-4290 Type of Business: Airline

Job Location if different from Org. Address: 1129 N3950 W Salt Lake City, Utah 84116

Human Resources Director or Owner Name: Mr. Coy Bryant Phone: (435) 634-3000

**Number of Employees in the Organization at All Locations**: Please Check (√) One

D Fewer Than 15 D 15 – 100 D 101 – 200 D 201 – 500 X More than 500

CASSELL 014

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** D Yes X No

Date Hired: 11/21/2016 Job Title At Hire: First Officer Pay Rate When Hired: $36.50/Hour

Last or Current Pay Rate: $36.50/Hour Job Title at Time of Alleged Discrimination: First Officer

Date Quit/Discharged: 12/01/2016

Name and Title of Immediate Supervisor: Mr. Jake Whicker

**If Job Applicant,** Date You Applied for Job__________ Job Title Applied For __________

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to* Race. *If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to* Retaliation.

D Race D Sex DAge D Disability D National Origin X Religion D Retaliation D Pregnancy D Color (typically a difference in skin shade within the same race) D Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing ii. family medical history iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: Seventh-Day Adventist

If you checked genetic information, how did the employer obtain the genetic information?____________________

Other reason (basis) for discrimination (Explain): ____________________

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** 11/27/2016 **Action:** Unwillingness to accommodate me based upon my request for scheduling my work shifts around the Sabbath Hours, Friday Sundown through Saturday Sundown.

**Name and Title of Person(s) Responsible:** Mr. Coy Bryant

**B. Date:** 12/01/2016 **Action:** Unwillingness to find an accommodation for me when a training I made a request to fin alternative option to a training exercise that would take place after sundown on Friday night.

**Name and Title of Person(s) Responsible:** Mr. Jake Whicker, Mr. Coy Bryant

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
I believe I was terminated on account of religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et. seq. I further believe I suffered retaliation on account of my request for religious accommodation, in that I was terminated after asking for religious accommodation not to work past sundown on a Friday evening, which is the Sabbath. I am a Seventh-day Adventist, and I do not work on Sabbath, from sundown Friday to sundown Saturday. Also, please see narrative attached.

**7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?**

According to the memorandum that was given to me, SkyWest Airlines cited the quality, safety, operational impact and training footprint structure of the company as a reason that an accommodation could not be made.

**8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.**

**Of the persons in the same or similar situation as you, who was treated *better* than you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| **A.** | | | |

CASSELL 016

B. ______________________________________________

CASSELL 017

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment

**A.** ______________________________

______________________________

**B.** ______________________________

______________________________

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment

**A.** ______________________________

______________________________

**B.** ______________________________

______________________________

**Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

**9. Please check all that apply:**

D Yes, I have a disability
D I do not have a disability now but I did have one
D No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

______________________________

______________________________

______________________________

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**

D Yes D No

If "Yes," what medication, medical equipment or other assistance do you use?

______________________________

______________________________

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**

D Yes D No

If "Yes," when did you ask? ______________ How did you ask (verbally or in writing)? ______________

Who did you ask? (Provide full name and job title of person)

______________________________

Describe the changes or assistance that you asked for: ______________________________

______________________________

______________________________

How did your employer respond to your request? ______________________________

______________________________

CASSELL 018

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| A. | | | |
| B. | | | |

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** D Yes **X** No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** ________________

**16. Have you sought help about this situation from a union, an attorney, or any other source?** **X** Yes D No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Mr. Alan Reinach, Church State Council, 12/02/2016, Results: TBD, but we have begun the process of filing a charge

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.**

**BOX 1** D I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

**BOX 2** X I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

______________________ ______________________

**Signature** **Today's Date**

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

**1) FORM NUMBER/TITLE/DATE.** EEOC Intake Questionnaire (9/20/08). **2) AUTHORITY.** 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
**3) PRINCIPAL PURPOSE.** The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. **4) ROUTINE USES.** EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
**5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.** Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Mr. Coy Bryant, et al. June 29, 2017

I understand that SkyWest management is seeking clarity regarding the pursuit of my religious beliefs in light of company policy. I would like to say up front that it has never been my plan nor intent to be a liability to SkyWest airlines as an employee. Since my graduation from university, I have observed from the outside as SkyWest has grown into a regional airline powerhouse. I have the utmost desire to contribute to the success that SkyWest is having in whatever way that I can. It has long been my dream to become an airline pilot, and within that become an airline pilot for SkyWest Airlines. Given my desire to be a pilot for SkyWest, I would like to assure SkyWest management that I will not let my religious beliefs come in the way of allowing SkyWest to operate and function as it always has, with a high level of quality, timeliness, and overall success. I rather feel the opposite. My religion has helped to shape the man that I am today and due to my religious beliefs, I have made the choice to abstain from drugs, alcohol, and an overall negative lifestyle. SkyWest can rest assured that I will represent the company with the utmost professionalism and integrity both on and off the clock. I realize that SkyWest cannot guarantee that I will be provided a schedule that will always allow me to observe my beliefs, therefore it has and will continue to be my intent to use the tools that SkyWest has provided to either bid out of, drop, or trade a shift that may conflict with my beliefs. I have mentors within SkyWest that understand the PBS system. They have offered to teach me how to properly use the system in order to create a schedule that both meets company and personal needs. I am willing to bid for the most undesirable flights, stay at the most junior base, and fly the most junior aircraft in order to avoid conflicts with corporate policy. If there was an unforeseen circumstance, such as (but not necessarily limited to) a maintenance delay at an outstation and my duty time is extended, I would be willing to fly the aircraft back to base as my concern for the safety and well-being of my passengers falls within my religious beliefs. As my tenure increases, my likelihood of conflict decreases due to my increase in seniority, allowing the system to work as designed.

I have the desire and work ethic to make sure that my religious beliefs do not interfere with the day to day operations at SkyWest Airlines. I want SkyWest to know this as well. I do not expect SkyWest to give me special or preferential treatment. At the same time, I appreciate SkyWest's stance as being an Equal Opportunity Employer. As such, if there is a need for an accommodation, I will also bring ideas and recommendations as to how we can work through the problem together so that SkyWest does not feel that I view my beliefs as an entitlement. Such an example could be a simulator breaking during initial training or recurrent training. If I was unable to resolve the issue outside of an accommodation (perhaps another pilot would be willing to trade with me), I would then bring ideas to the appropriate individuals as to how that specific situation could be resolved without interrupting operations while at the same time allowing me to hold to my religious beliefs.

Thank you for your consideration,

Shane Cassell

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Phoenix Direct Dial: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No.: 540-2017-01195

Shane A. Cassell
2106 Kirby Road
Lebanon, OH 45036

Charging Party

SKY WEST AIRLINES
Sonja Juarez
Employee Relations
444 South River Road
St. George, UT 84116

Respondent

The Charging Party has requested withdrawal of the above referenced charge.

The Federal Government protects Charging Party's right to file a charge and emphasizes that it is unlawful for any person to threaten, intimidate or harass any individual for having filed a charge. It is illegal to coerce or force any Charging Party to request a withdrawal.

The Charging Party's request to withdraw is hereby granted.

The Commission's acceptance of this withdrawal terminates any further processing of this charge.

On Behalf of the Commission

[signature]

JUL 21 2017
Date

Elizabeth Cadle,
District Director

cc: Alan J. Reinach, Esq.
CHURCH STATE COUNCIL
2686 Townsgate Road
Westlake Village, CA 91361

Church State Council
JUL 24 2017
RECEIVED

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | AGENCY<br>☒ FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|

_______________ and EEOC
(State or Local Agency, If Any)

| NAME (*Indicate Mr., Ms., or Mr*) | | HOME TELEPHONE NUMBER (*Include Area Code*) |
|---|---|---|
| Shane Andrew Cassell | | (513) 338-9915 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 626 A STREET | LINCOLN, NE 68502 | 04/18/1991 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below*).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (*Include Area Code*) | |
|---|---|---|---|
| SkyWest Airlines | >4000 | (435) 634-3000 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |
| 444 South River Road | St. George, Utah 84790 | | Washington |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (*Include Area Code*) | |
| | | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | |
| | | | |

| CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box(es)*) | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| ☐ RACE ☐ COLOR ☐ SEX X RELIGION ☐ NATIONAL ORIGIN | EARLIEST | LATEST |
| X RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (*Specify*) | 11/30/2016 | 7/12/2017 |
| | CONTINUING ACTION | |

THE PARTICULARS ARE (*If additional space is needed, attached extra sheet(s)*)

On November 30, 2016 SkyWest Airlines refused to accommodate my need for a training date change due to it interfering with a sincere and deeply held religious belief I hold. Instead, I was told that there would be no accommodation made, and I was threatened with termination of my employment. To protect myself from being fired, I chose to resign. Due to this, I believe that SkyWest Airlines discriminated against me due to my religious beliefs and I filed a charge not long after.

On June 12, 2017, I reapplied to SkyWest Airlines with the hope that I could work around the scheduling conflict that I had in November. I interviewed on June 22, 2017, started the paperwork to drop my charge on June 29, 2017, and had several conversations in between those dates with the head of employee relations as to how my religious beliefs would not interfere with my ability to perform my job safely and to the best of my ability. However, on July 12 2017, they chose to not hire me. Not long afterwards, the charge was officially dropped. I believe that SkyWest chose not to hire me in part because of my religious beliefs and also due to the fact that I had an open charge against them at the time that they chose not to hire me. I am thus claiming retaliation and re-filing my charge.

I believe I have suffered religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964

| | |
|---|---|
| I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | **NOTARY – (When necessary to meet State and Local Requirements)**<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| **I declare under penalty of perjury that the foregoing is true and correct.**<br>09/19/2017 [signature]<br>Date Charging Party (*Signature*) | **SIGNATURE OF COMPLAINANT**<br>**SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE:**<br>(Month, day and year) |

EEOC FORM 5 (Rev. 07/99)

# United States Equal Employment Opportunity Commission

## a

## Pre-Charge Questionnaire

## Coversheet

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

**United** **Stated**
**Equal**

Please answer the following questions:

a. Does your employer have less than 15 employees? ___NO___

b. Did your act of discrimination occur more than 300 days ago? ___NO___

IF YOU ANSWERED YES TO A OR B ABOVE, STOP HERE AND PLEASE CONTACT THE COMMISSION BY PHONE OR BY COMING TO OUR OFFICE. DO NOT COMPLETE THE ATTACHED QUESTIONNAIRE AT THIS TIME. THE EEOC MAY NOT HAVE JURISDICTION TO TAKE YOUR CHARGE OF DISCRIMINATION.

If you answered "NO" to A and B above, please complete the attached questionnaire.

## Employment Opportunity Commission Pre-Charge Questionnaire

PLEASE READ – FAILURE TO COMPLETE IN FULL WILL DELAY PROCESSING OF YOUR CHARGE

1. Please complete the following information:

| First | Middle | Last | Social Security Number |
|---|---|---|---|
| Shane | Andrew | Cassell | 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 |

| Address | City | State | Zip Code | County |
|---|---|---|---|---|
| 626 A Street | Lincoln | Nebraska | 68502 | Lancaster |

| Home Telephone Number | Alternative Telephone Number | Date of Birth MO/DD/YY |
|---|---|---|
| (513) 338-9915 | | 04/18/1991 |

Scott Cassell (513) 780-2433 2106 Kirby Road Lebanon, Ohio 45036
Name, phone number, and address of a person who can always contact you.

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

Please indicate the following information (as applicable):

Race Caucasian Gender Male National Origin USA Skin Color White

2. Please fill in the following information about the employer:

| SkyWest Airlines | (801) 258-4000 |
|---|---|
| Full Company Name | Telephone Number |

| 1129 3950 W | Salt Lake City, | UT | 84116 | Salt Lake |
|---|---|---|---|---|
| Address | City | State | Zip Code | County |

3. Address of the company's headquarters. (This information may be found on the company's website or at hoovers.com, dnb.com, or yahoo.com.)

| 444 South River Road | St. George | Utah | 84790 |
|---|---|---|---|
| Corporate Address | City | State | Zip Code |

Mr. Coy Bryant: Head of Employee Relations
Name of personnel representative at Corporate headquarters (e.g. Head of Human Resources, CEO/President, or Chairman of Board of Directors)

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

4. Do you have or are you perceived to have a disability? __NO___

If so, what is it? ________________________

Please describe how your disability limits one or more of your major life activities:

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

5. What type of discrimination are you claiming (check accordingly):

Race ________ National Origin ________ Religion ___X_____ Color ________

Sex/Gender (including sexual harassment) ________ Age (over 40) ________

Retaliation ___X_____ Disability ________ Equal Pay ________

Other: ______________________________________________________________________

6. State your job title and briefly describe your duties (or position applied for).

First Officer: My job duties would be as Second In Command of a CRJ Regional Airliner. I would assist the Captain in pre flight duties as well as help oversee the safety of flight. At the time of the first incident I was in training. At the time of the second incident, I had re-applied for the first officer position.

7. Dates of employment or application November, 7 2016 to November 30, 2016.
Date of second Application June 12, 2017
______Date of Retaliation July 12, 2017

8. What is the employment event that caused you to contact the EEOC? (Hiring, layoff, promotion, accommodation, discipline, harassment, sexual harassment, etc.) List the alleged events of discrimination including the start and end dates. (Example: I was discharged on March 3, 1999.)

On November 30, 2016 I was discriminated against due to my religious beliefs and forced into a position that I had to resign in order to protect myself from being fired. On July 12, 2017 I believe that I was retaliated against due to my religion and due to the fact that I had a charge filed against SkyWest Airlines.

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

9. Please write a paragraph about your employment situation. Tell us what happened and why you feel the incident is discriminatory. Be thorough, this information is very important for the investigation. You may attach additional sheets as needed.

As I began employment with SkyWest Airlines, I made a request for religious accommodation before I even began class with them. At first, SkyWest Airlines made effort to accommodate me by scheduling my CTP simulator sessions outside of the Sabbath hours (Friday sundown to Saturday sundown). I also filled out paperwork for a religious accommodation which was denied to me in any area that I had control over. At SkyWest, pilots bid for their schedules and training simulator time based off seniority. Seniority was assigned to our class based off the first digit of the last four numbers of our social security number unless you were either a former employee or a member of the SkyWest cadet program, at that point you were given your class seniority based off of the date you joined the company. All others fell below. I was not unwilling to work with my classmates and future co-workers to "drop, trade, and bid" my work shifts as I would like to follow the set methods of operation at SkyWest, however I had no control over anything outside of that, such as ground school or Initial Operating Experience (IOE). I told SkyWest that I was asking for them to accommodate me where I was not able to use the tools given to me to attempt working outside the Sabbath hours, to which I received no response. In emails I received before class, it was made known to me that ground school would be on Monday – Friday from 8am to 5pm. The sun set just after 5:00 pm in Salt Lake City so there would be no conflict. I made sure of this ahead of time to avoid creating unnecessary conflict with SkyWest.

The first week went by fine, and I had no issues. However, the second week I was told that there would be four matrix sessions (essentially learning the checklists and which switches/buttons to push in each phase of operation) that would happen in a different building. Our class would let out at 3:00 pm on those four days and our matrix sessions would then start at 4:00 and go to 6:00, and a second would go from 6:00 to 8:00. The first session fell on a Friday evening. As soon as the problem presented itself, I spoke with the class instructor and was directed to Jake Whicker, the CRJ aircraft training manager. After a few failed attempts to get in touch with him, he called me the evening of November 29th and indicated that he may be able to make an accommodation for me, but would check with Human Resources. I was to check in with him the next day at lunchtime to see what accommodation was able to be made. When I met with him at lunch, he had not yet called corporate and said that he would come find me after he had a chance to do so. Not even an hour later, he came and called me out of class to inform me that no accommodation would be made and that I could either "make it work with your religion" and attend the event, not attend the event and be terminated, or resign. I resigned to save myself from being fired as it is my sincere, deeply held belief that Friday sundown to Saturday sundown is a holy time period and I cannot attend work or training functions during that time.

It appears to me that SkyWest made no effort to accommodate me as they took very little time to look at various options that could have been made available to accommodate me. I believe I have been discriminated against. In addition to that, I believe that SkyWest has the pilot staffing to be able to accommodate my request to have Friday sundown through Saturday sundown free from flight duty and I believe their unwillingness to find a reasonable accommodation for me is discriminatory behavior. I am willing to follow their rules and abide by the bidding system in

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

place at SkyWest, however I want SkyWest to work with me if or when I am assigned a flight or training exercise during the Sabbath hours. I do not want to be terminated over my sincere, deeply held religious beliefs.

On June 12, 2017 I chose to re-apply at SkyWest Airlines as I had been unable to find full time employment since the incident. I interviewed on June 22, 2017. In February of 2017, I chose to file a charge (charge number 540-2017-01195) due to the events that took place in November. After interviewing, I recieved a phone call from the head of employee relations, Mr. Coy Bryant. We spoke about how I needed to prove to the company that my religious beliefs would not get in the way of how the company operated. I provided a memorandum that stated my intent and plan of action to keep my religious beliefs from interfering with the company operations. I also started the process of dropping my charge, as I felt it may have a negative impact on my getting the job. I spoke with investigator Evette Cabiness, who had been assigned my case about dropping the charge, and it came to light that SkyWest Airlines had not even viewed the charge. She said that she would need to notify SkyWest Airlines a second time that there was a charge against them. I went ahead and started the process. On July 12, 2017 I recieved an email from SkyWest that they were not going to hire me. About a week later, I received a letter in the mail from the EEOC that the charge was officially dropped. I believe that SkyWest Airlines retaliated against me when it was brought to their attention that I had a charge filed against them, and that they also discriminated against me because of my religious beliefs.

10. What was the employer's stated reason for taking this action?

Safety

11. What is the name and title of the employer representative that made the decision in your case that brought about this event? (Identify this person's race, skin color, sex, and/or approximate age, as applicable.)

Mr. Jake Whicker
White male between forty and fifty years old approximately.

12. Provide any other information (medical documentation, witness statements, witness names and/or addresses) that you have available. Be sure and clarify what information witnesses can attest to.

13. Provide a list of names of persons who were treated better than you. Provide their (1) name, (2) race, age, color, national origin, sex and disability status (as applicable), and (3) job titles.

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

14. Provide a list of persons who were treated the same as you. Provide their (1) name, (2) race, age, color, national origin, sex and disability status (as applicable), and (3) job titles.

15. Have you filed a charge in this matter with another agency? If yes, please provide the name, address, and phone numbers of the agency.

16. Have you filed charges against this employer either inside the company or to an outside agency in this matter or in the past? If yes, explain the situation, when it occurred and remedy afforded.

17. Please state what your performance was like (in other words, tell us whether you were performing below standard, at standard, or above standard) and how you can provide this is true (performance evaluations, awards, etc.)

My performance was high. I scored a 97% on my indoc test. I am aware of other individuals who scored the same, but not higher. My simulator instructor also praised my ability to control the aircraft speed and altitude in training.

(c) 2006 Bobum Corp. No copyright claimed to U.S. Government works.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

Rec'd 5/14

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Shane Cassell
626 A Street
Lincoln, NE 68502

Re: EEOC Charge 540-2017-03519

Dear Mr. Cassell:

Enclosed with this letter is a copy of the Respondent's (employer) Position Statement without exhibits. If you would like to respond in writing to the assertions made by the Respondent in its Position Statement[1], please do so no later than 30 days from today.

This is your opportunity to provide any additional information you feel is relevant, or to refute any assertions made by the Respondent in its position statement. Any information you provide will be taken into consideration when a decision is made regarding the case. There is no specific format for your response; however, please ensure:

1. The above-referenced charge number is included on the correspondence;
2. That relevant witnesses are identified, their contact information and a brief synopsis of what they will say is included; and
3. That you do not duplicate information already submitted or provide original documents.

The response should be uploaded through the Public Portal. You may create an account if they have not already done so by visiting the Portal's home page which can be found at https://publicportal.eeoc.gov/portal/SignIn.aspx?From=Home. In the alternative, if you are represented by counsel you can provide your user i.d. and password to your attorney who may upload any response for you.

If for some reason, you are unable to use the Public Portal, please submit the documentation as an Adobe pdf attachment to an e-mail sent to debra.manuele@eeoc.gov. If you do not have access to a computer or the internet, you may mail the response to the above address.

At any time, a Charging Party or Respondent employer may approach the EEOC with a proposal of settlement. Should this occur, the EEOC will facilitate settlement discussions between the parties when appropriate.

You also have the option, at any time, of foregoing the EEOC administrative process and

---

[1] *By accepting these documents you agree that you will use them only in connection with contemplated litigation and will only show them to persons in a privileged relationship, such as a spouse, clergy, or medical, financial or legal advisor.*

proceeding directly to Federal District Court. If you wish to do so, you must submit a written request for a Notice of Right to Sue to the EEOC. Upon receipt of such request the EEOC will terminate its investigation and issue you a Notice of Right to Sue. (Requests submitted in Charges filed against a public employer will be forwarded to the Department of Justice). If you have questions regarding whether you should request a Notice of Right to Sue, you may want to consult an employment law attorney. A listing of attorneys can be found at www.azbar.org or www.utahbar.org

For additional information regarding filing a lawsuit alleging discrimination please click on the following link https://www.eeoc.gov/employees/lawsuit.cfm

Thank you for your cooperation. Please contact me at 602-640-5028 or send an e-mail to jeremy.yubeta@eeoc.gov if you have any questions or concerns.

Sincerely,

May 10, 2018

Date

Debra Manuele
Office Automation Assistant

cc:

Alan J. Reinach, Esq.
CHURCH STATE COUNSEL
2686 Townsgate Rd.
Westlake Village, CA 91361

Position Statement of SkyWest Airlines

SkyWest Airlines (SkyWest) denies that Mr. Shane Cassell has been subjected to religious discrimination, or any other discrimination based on religious observances or characteristics. As listed herein, SkyWest will demonstrate that Mr. Cassell's request for religious accommodation was thoroughly reviewed, in partnership with Mr. Cassell and available resources offered. In short, it is Mr. Cassell's unwillingness to work that resulted in SkyWest being unable to continue an employment relationship. The accommodations he is seeking will result in an undue hardship, putting SkyWest within its rights to deny employment.

SkyWest responds as follows:

SkyWest hired Mr. Cassell as a pilot on Sept. 1, 2016. After the employment offer was made, Mr. Cassell notified a recruitment specialist of his religious observances. The recruitment specialist was able to place Mr. Cassell in Airline Transport Certification Training Program[1](ATP-CTP or CTP for short) class that did not interfere with his religious Sabbath observances. After his success at CTP, he continued into the next phase of SkyWest ground school training.[2]

On Nov. 30, 2016 he contacted the Flight Operations Training Manager, Jake Whicker and identified that he would be unable to complete his assignment on Dec. 2, 2016 and resigned his employment.

**On November 30, 2016 SkyWest Airlines refused to accommodate my need for a training date change due to it interfering with a sincere and deeply held religious belief I hold.**

This statement is incorrect. SkyWest had been in communication with Mr. Cassell regarding his religious accommodation request (*See Exhibit 1 – Employee Request for Religious Accommodation*) and provided him with tools and resources to assist him in modifying his schedule. These resources were clarified during a conference call and in writing on Oct. 27, 2016. (*See Exhibit 2 – Memorandum of Agreement for Religious Accommodation Request*) After the call and letter, Mr. Cassell began ground school training.

[1] CTP is an FAA mandated course which must be completed by a pilot as a pre-requisite to taking the knowledge test for the Airlines Transport Pilot Certificate (ATP). All pilots working for FAR 121 airlines must possess an ATP. One requirement of the ATP certificate is successful completion of the ATP knowledge test. SkyWest offers a CTP course to new hires who do not already possess an ATP. At the completion of this course they are given an endorsement which permits them to take the ATP knowledge test from an FAA approved provider. SkyWest does not proctor ATP knowledge tests. SkyWest's CTP course consists of four ground training sessions and three simulator training sessions. The training sessions are scheduled in multiple locations, varying times, seven days per week.

[2] After CTP, student's transition to Basic Indoctrination, CRJ Initial Equipment Training (3 phases: *Ground Training, Procedures Training, and Simulator Training*). Basic Indoctrination consists of six days of training. Day one is always a Monday with Saturday and Sunday being days off. The sixth day is held on Monday. CRJ Initial Equipment – Ground Training consists of 13 days. Day one is always on a Tuesday. Saturday and Sunday are scheduled days off.

One month later and two days before a training assignment, Mr. Cassell notified SkyWest that he would be resigning his employment effective Nov. 30, 2016, citing his inability to attend training on Dec. 2, 2016 from 1600-1800 MST.

**Instead, I was told that there would be no accommodation made, and I was threatened with termination of my employment. To protect myself from being fired, I chose to resign. Due to this, I believe that SkyWest Airlines discriminated against me due to my religious beliefs and I filed a charge not long after.**

This statement is incorrect. As mentioned above, on Oct. 27, 2016 SkyWest provided Mr. Cassell with an accommodation which included resources and options to help him navigate his schedule needs.

It's important to note that the timing of Mr. Cassell's request was merely 48 hours prior to a mandatory training event. The regulated nature of this training, and the severely limited notice period did not provide SkyWest with the ability to evaluate if there could have been another accommodation that would not pose an undue burden.

**On June 12, 2017, I reapplied to SkyWest Airlines with the hope that I could work around the scheduling conflict that I had in November.**

SkyWest confirms that Mr. Cassell re-applied for a pilot position.

**I interviewed on June 22, 2017, started the paperwork to drop my charge on June 29, 2017, and had several conversations in between those dates with the head of Employee Relations as to how my religious beliefs would not interfere with my ability to perform my job safely and to the best of my ability. However, on July 12, 2017, they chose to not hire me. Not long afterwards, the charge was officially dropped.**

SkyWest confirms that Mr. Cassell spoke with Employee Relations Manager, Coy Bryant regarding his re-employment and anticipated training schedule. These discussions lead to Mr. Cassell providing a letter regarding what he'd be willing to do. (*See Exhibit 3 – Jun. 29, 2017 Cassell Letter*) The explanation, and inference of only being able to work part of his duties, was not a plausible option for the operational environment at SkyWest. Subsequently, Mr. Cassell was not rehired since his declaration of his inability to work on the Sabbath would inevitability be an undue hardship.

It is important to note that SkyWest has a seniority bidding system for awarding training and work schedules. Courts have long held that such systems meet the accommodation requirement of Title VII, as specific employee religious preferences are balanced against the needs and preferences of fellow co-workers. Mr. Cassell had previously been trained on this system and fully understood that there were several tools available to him to generally avoid Sabbath work assignments. Even so, SkyWest could not guarantee that this system would always deliver a Sabbath-free schedule and Mr. Cassell would not commit to work in those instances.

**I believe that SkyWest chose not to hire me in part because of my religious beliefs and also due to the fact that I had an open charge against them at the time that they chose not to hire me. *I* am thus claiming retaliation and re-filing my charge.**

SkyWest denies that he was not rehired due to any filed charges or claims[3]. Rather the provisions Mr. Cassell outlined in his letter on Jun. 29, 2017 posed an undue hardship and SkyWest elected not to commence an employment relationship.

**I believe I have suffered religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.**

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion. . . ."[4] However, notwithstanding any other provision of Title VII, it is not an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority system.[5]

Mr. Cassell made it clear that if the seniority bidding system awarded him a schedule that conflicted with his religious beliefs, and if efforts to trade the trip failed, he would refuse to work as a matter of conscience. Absent a discriminatory purpose, operation of a seniority system cannot be an unlawful employment practice, even if it has some discriminatory consequences.[6] In a seminal case, a clerk for Trans World Airlines (TWA) worked at a base that operated 24 hours a day, 365 days per year. The clerk sought a religious accommodation from working Saturdays; however, scheduling was subject to a seniority-based bidding system. TWA, the union, and the employee could not agree to an accommodation in light of the bidding system, and the clerk was terminated after two missed Saturday shifts. The court announced that an agreed-upon seniority system must not give way to accommodate religious observances. To hold otherwise would cause an undue hardship by requiring the employer to either (1) abandon the seniority system, (2) discriminate against the other employees by forcing them to work a non-preferential shift, or (3) incur extra costs of hiring a replacement for the shift. Title VII does not require an employer to carve out exceptions to a seniority system in order to help an employee meet a religious obligation.

There is also a line of cases applying this rule to Seventh Day Adventists, such as Mr. Cassell. Perhaps the most relevant is *ABF Freight Systems*, where a truck driver was assigned routes based on a seniority-bidding system.[7] He sought to avoid working Saturdays as an accommodation of his beliefs as a Seventh-Day Adventist. The carrier tried to accommodate him and they met with the union to discuss special arrangements, but no agreement was reached. So they offered assistance bidding on routes that would tend to allow duty-free

---

[3] SkyWest is aware of only one charge filed: 540-2017-03519
[4] 42 U.S.C. § 2000e-2(a)(1).
[5] 42 USCS § 2000e-2(h).
[6] *TWA v. Hardison*, 432 U.S. 63, 82 (1977).
[7] *Lee v. ABF Freight Sys.*, 22 F.3d 1019, 1024 (10th Cir. 1994).

Saturdays and offered the use of vacation to avoid Saturday shifts. The driver rejected these offers because he wanted a guarantee to be free from duty every Saturday. The driver sued for religious discrimination, and the court dismissed his claims because his demand caused an undue hardship. Bear in mind that ABF Freight was not required to wait for an actual conflict -- it was enough that the employee declared his unwillingness to work, as did Mr. Cassell, if the proposed accommodations failed to ensure no Saturday work assignments.

Where a religious accommodation request conflicts with a bona fide seniority system, SkyWest is under no obligation through Title VII to grant the accommodation. SkyWest complied with Title VII by offering Mr. Cassell the opportunity to use the seniority system to obtain the work schedule that would allow for observance of his religious beliefs. Because Mr. Cassell refused to affirm his willingness to work without a guarantee of all Saturdays off, SkyWest was within the law to refuse to hire him.

CHURCH STATE COUNCIL
A Religious Liberty
Ministry of the Pacific
Union Conference of
Seventh-day Adventists
1964 2014
50 Years

June 19, 2018

To: EEOC Phoenix District Office
From: Alan J. Reinach, Esq., attorneys for charging party
Re: Shane Cassell v. SkyWest Airlines, EEOC Charge No. 540-2017-03519

Response to Employer Position Statement

1. SkyWest denies it refused to accommodate Mr. Cassell with respect to training date, see first bold statement on page 1. Mr. Cassell alleges that SkyWest scheduled him to participate in a training on a Sabbath, knowing he is unavailable due to his religious observance. SkyWest claims it provided him tools to accommodate himself, but such tools were inapplicable to the training at issue, which SkyWest specifically required him to attend on a Sabbath. Mr. Cassell further alleges SkyWest had unfettered discretion to schedule Mr. Cassell to complete this training on a day other than Sabbath, and failed and refused to do so. Thus, SkyWest did not comply with its obligation to accommodate Mr. Cassell with respect to a key component of his training, forcing Mr. Cassell to resign or be fired, and have a termination on his record.

2. With respect to denial of rehire, SkyWest virtually admits it did not rehire Mr. Cassell due to his need for religious accommodation, by claiming it would have been an undue hardship. So it claims it did not retaliate, but admits the refusal to hire was due to the need for religious accommodation. This squarely conflicts with the Supreme Court's holding in *EEOC v. Abercrombie & Fitch Stores, Inc.*, making it impermissible to refuse to hire on account of an applicant's need for religious accommodation.

3. SkyWest hides behind its seniority system, which does not by itself eliminate the obligation to provide religious accommodation. In so doing, SkyWest completely avoids the question – its obligation to provide religious accommodation.

Observation: SkyWest appears to take the position that it had no obligation to make any affirmative efforts to provide religious accommodation, leaving it to Mr. Cassell's own devices to secure his own accommodation. This could work up to a point, but did not apply to training events scheduled on Sabbath which Mr. Cassell was obligated to attend. SkyWest's position in this regard squarely conflicts with law in the 10th Circuit (as well as the 9th Circuit).

It is our sincere conviction that the EEOC should investigate this matter quite thoroughly, and that having done so, it will likely conclude that SkyWest is operating in a manner that excludes Seventh-day Adventists such as Mr. Cassell.

Thank you for your consideration. If further questions arise, please don't hesitate to contact us, especially as the investigation continues.

Sincerely,

Alan J. Reinach, Esq.
Chief Counsel

cc: Shane Cassell

# PROOF OF SERVICE

I, Loritha McDuffie am employed in the County of Ventura, California. I am over the age of 18 years and not a party to the present action. My business address is 2686 Townsgate Road, Westlake Village, California 91361.

On June 19, 2018, I served the foregoing document described as **RESPONSE TO EMPLOYER POSITION STATEMENT, EEOC CHARGE NO. 540-2017-03519** on interested parties by placing a true copy of the original enclosed in a sealed envelope and addressed as follows:

U. S. Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012-2504

By Email: debra.manuele@eeoc.gov and by GOLDEN STATE OVERNIGHT (GSO): I am "readily familiar" with the firm's practice of collection and processing correspondence for shipping. Under that practice it would be deposited with GSO on that same day fully prepaid at Westlake Village, California in the ordinary course of business.

Executed on June 19, 2018, at Westlake Village, California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Name: Loritha McDuffie
Loritha McDuffie

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Shane Cassell
626 A Street
Lincoln, NE 68502

Subject: Dismissal of Charge
Charge Number: 540-2017-03519

Dear Mr. Cassell:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter, and the enclosed documents, will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within *90-days from the date that delivery of the Notice was* *__attempted__* *at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

If you have any questions, please feel free to contact me at (602) 640-5031.

Sincerely,

DEC 07 2018
Date

A. Flores
Anick Flores
Supervisor
by PAM

Cc: Alan J. Reinach, Esq.
CHURCH STATE COUNCIL

Church State Council
DEC 10 2018
RECEIVED

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Shane Cassell**
**626 A Street**
**Lincoln, NE 68502**

From: **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **540-2017-03519** | **Anick Flores, Supervisor** | **(602) 640-5031** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Elizabeth Cadle,**
**District Director**

DEC 07 2018
*(Date Mailed)*

Enclosures(s)

cc:

**Coy Bryant**
**Employee Relations**
**SKYWEST AIRLINES**
**444 South River Road**
**Saint George, UT 84790**

**Alan J. Reinach, Esq.**
**CHURCH STATE COUNCIL**
**2686 Townsgate Rd.**
**Westlake Village, CA 91361**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | AGENCY<br>☒ FEPA<br>X EEOC | CHARGE NUMBER<br>540-2017-03519 |
|---|---|---|

______________________ and EEOC
(State or Local Agency, if Any)

| NAME (Indicate Mr., Ms., or Mrs.) | | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Shane Andrew Cassell | | (513) 338-9915 |
| STREET ADDRESS<br>626 A STREET | CITY, STATE AND ZIP CODE<br>LINCOLN, NE 68502 | DATE OF BIRTH<br>04/18/1991 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|---|
| SkyWest Airlines | >4000 | (435) 634-3000 | |
| STREET ADDRESS<br>444 South River Road | CITY, STATE AND ZIP CODE<br>St. George, Utah 84790 | | COUNTY<br>Washington |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX X RELIGION ☐ NATIONAL ORIGIN<br>X RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify) | EARLIEST 11/30/2016 LATEST 7/12/2017<br>CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s))

On November 30, 2016 SkyWest Airlines refused to accommodate my need for a training date change due to it interfering with a sincere and deeply held religious belief I hold. Instead, I was told that there would be no accommodation made, and I was threatened with termination of my employment. To protect myself from being fired, I chose to resign. Due to this, I believe that SkyWest Airlines discriminated against me due to my religious beliefs and I filed a charge not long after.

On June 12, 2017, I reapplied to SkyWest Airlines with the hope that I could work around the scheduling conflict that I had in November. I interviewed on June 22, 2017, started the paperwork to drop my charge on June 29, 2017, and had several conversations in between those dates with the head of employee relations as to how my religious beliefs would not interfere with my ability to perform my job safely and to the best of my ability. However, on July 12 2017, they chose to not hire me. Not long afterwards, the charge was officially dropped. I believe that SkyWest chose not to hire me in part because of my religious beliefs and also due to the fact that I had an open charge against them at the time that they chose not to hire me. I am thus claiming retaliation and re-filing my charge.

I believe I have suffered religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964

REC'D EEOC
SEP 26 2017
PXDO

| I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>09/19/2017 [signature]<br>Date Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: (Month, day and year) |

EEOC FORM 5 (Rev 07/06)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court.. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***