Erik Strindberg (Utah Bar No. 4154)
Jonathan Thorne (Utah Bar. No. 12694)
**STRINDBERG SCHOLNICK BIRCH**
**HALLAM HARSTAD THORNE**
40 South 600 East
Salt Lake City, Utah 84102
(t) 801.359.4169
(f) 801.359.4313
email: erik@utahjobjustice.com
      jonathan@utahjobjustice.com

*Attorneys for Plaintiff*

Todd. R. McFarland (*Pro Hac Vice*)
Associate General Counsel
Office of General Counsel
**General Conference of Seventh-day**
**Adventists**
12501 Old Columbia Pike
Silver Springs, MD 20902-6600
(t) 301.680.6321
(f) 301.680.6329
Email: mcfarlandt@gc.adventist.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANE ANDREW CASSELL,<br><br>Plaintiff<br><br>v.<br><br>SKYWEST, INC. d/b/a SKYWEST AIRLINES,<br><br>Defendant. | **PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE TESTIMONY THAT SKYWEST WOULD NOT HAVE BEEN ABLE TO COVER A SABBATH FLIGHT WITHOUT UNDUE HARDSHIP AND MEMORANDUM**<br><br>Case No. 2:19-CV-00149 JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Shane Andrew Cassell ("Cassell" or "Plaintiff"), by and through his attorneys, hereby submits this Motion in Limine and Memorandum requesting that the Court enter an Order precluding SkyWest from eliciting speculative testimony that it would not have been able to cover any Sabbath absences by using its reserve pilot system or that covering a Sabbath absence would have been an undue hardship:

## INTRODUCTION

SkyWest also argued on summary judgment (and presumably will do so at trial) that had it hired Cassell in 2017 there would have been situations where Cassell would have not been able

to swap, bid or trade away a Sabbath flight.  This, argues SkyWest, could have caused an undue

hardship as there might have been days where there were no reserve pilots available to cover

those Sabbath flights and it would have therefore been required to pay other pilots to take the

Sabbath flights.  *See Defendant's Reply Memorandum,* Dkt. # 58, p. 22. However, there is no

evidence to support this assertion and SkyWest should not be allowed to offer or solicit

speculative testimony making such a claim.

### ARGUMENT

As the Court acknowledged in its Summary Judgment Order (Dkt # 63, pg 19) the

undisputed evidence is that pilots missing a shift/flight, including on the Sabbath, was relatively

common (over 5 shifts per year on average).[1] As a result, SkyWest had a system in place that

accommodated daily pilot absences by utilizing reserve pilots who were available to fly when the

assigned pilot could not. In fact, data produced by SkyWest show that from mid-2017 through

the end of 2019 on every Friday to Sunday, SkyWest had CRJ qualified reserve First Officers in

Detroit[2] who were not assigned to cover other flights. And therefore, could have filled in for

Cassell if he had been forced to miss a flight(s) due to Sabbath observance.

SkyWest attempts to dispute its own data by attempting to argue that during 2017-2019

there might have been some Sabbath days when Detroit First Officers on reserve duty might not

have been able to take a flight that Cassell might have been forced to give up because of his

---

[1] SkyWest has also mentioned that if Cassel was allowed to work a Sabbath free work schedule it would open the flood gates for other pilots to request Sabbath free work schedules - which would compound the alleged undue hardship on SkyWest. Since SkyWest has produced no evidence to support this contention (and it is clearly hypothetical), SkyWest should also be precluded from asserting this argument at trial.

[2] The parties stipulated that Cassell, if hired, would have been assigned as a First Officer in Detroit and that he initially would have been qualified to fly the CRJ aircraft.

religious practices. However, SkyWest is not able to determine if it would have had to use even

one reserve pilot to take a Sabbath flight for Cassell, let alone whether it would have "run out of"

reserve pilots.  Anita Spencer, who is head of crew scheduling for SkyWest, was asked in her

deposition if Cassell could have avoided working on the Sabbath using the bidding and post-

bidding tools he had been given.  She responded that it was "speculation if he could have held

[avoided a sabbath flight] or not. *Spence Dep.* 71:7-12 (Attached as Ex. A). Justin Esplin, who

created the data about absences also testified that it showed that there was always a reserve pilot

in Detroit on a Friday-Saturday who was not assigned to fly (and by extension might have been

able to cover a Sabbath flight for Cassell) and that it is not possible to accurately determine if

there were any Sabbath days when a reserve pilot was not available. *Esplin Dep.* 32:1-7, 16-25

(Attached as Ex. B). He also admitted that it was not possible to accurately determine if the lack

of a reserve FO pilot was the reason why any flights originating out of Detroit were cancelled.

*Esplin Dep.* 47:1-10. In other words, SkyWest's claim that there might have been some Sabbaths

when no reserves were available is not based on fact and is therefore speculative.

It is SkyWest's burden to demonstrate undue hardship. And to do so, SkyWest must rely

on actual evidence of a burden, as opposed to speculative hypothetical hardships. As this Court

pointed out in its summary judgment order, "SkyWest's proffered hardship has no basis in actual

disruption... [T]he court is not left to rely on mere speculation about the hardships that hiring an

observant Seventh Day Adventist would impose on SkyWest. It is a hardship that the company

has already absorbed, without any demonstrated measurable cost, for at least two other

employees." Dkt. 63, pg. 20.  This Court went on to state:

> In conclusion, the Tenth Circuit is "skeptical of hypothetical hardships." Toledo,
> 892 F.2d at 1490; see also E.E.O.C. v. Townley Eng'g & Mfg. Co., 859 F.2d 610,
> 615 (9th Cir. 1988) ("A claim of undue hardship cannot be supported by merely
> conceivable or hypothetical hardships; instead, it must be supported by proof of

3

actual imposition on co-workers or disruption of the work routine." (citation omitted)). As such, "[t]he employer is on stronger ground when he has attempted various methods of accommodation and can point to hardships that actually resulted." Toledo, 892 F.2d at 1490. Further, "[a]n employer . . . cannot rely merely on speculation" in proffering a hardship. Id. at 1492 (citation omitted). But SkyWest's proffered hardship has no basis in actual disruption. Indeed, the parties need not rely on mere speculation because SkyWest has actually tried the accommodations at issue. At least two other Seventh-Day Adventist pilots have worked for SkyWest. Neither one indicates that he gave any promise to work if the bidding and post-bidding systems failed to accommodate his religion. In fact, Horne actually appears to have missed one or more flights because of his religion. SkyWest absorbed the missed shift and did not fire Horne. So, although Cassell never got the opportunity to use the accommodations, the court is not left to rely on mere speculation about the hardships that hiring an observant Seventh Day Adventist would impose on SkyWest. It is a hardship that the company has already absorbed, without any demonstrated measurable cost, for at least two other employees. See Brown, 601 F.2d at 960 ("If an employer stands on weak ground when advancing hypothetical hardships in a factual vacuum, then surely his footing is even more precarious when the proposed accommodation has been tried and the postulated hardship did not arise.").

Dkt. 63, pg. 20.

As the Court has concluded, any testimony that accommodating Cassell's religious practices would strain the reserve pilot system is completely speculative. It therefore does not make a fact "more or less probable" and doesn't meet the requirements of Rule 401 for relevant evidence. Furthermore, even if such testimony has some probative value, it should be excluded under Rule 403 – as this testimony would confuse and mislead the jury because it could lead the jury to believe they can rely on speculative evidence to render a verdict. *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1216 (10th Cir. 2004) ("Jury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence.") *See* also Rule 403. It would be prejudicial to allow SkyWest to rely on a speculative and hypothetical evidence to support its affirmative defense of undue hardship.

Allowing a witness to speculate that there might not have been a reserve pilot available to cover an occasional Sabbath is also impermissible under Rules 602 and 701. A witness may only

testify to a matter that the witness has personal knowledge about (or rationally based on the witness's perception) – and speculative testimony by a lay witness is not based on the witnesses' perception and therefore is not admissible. *United States v. Tapaha,* 891 F.3d 900, 906 (10th Cir. 2018) ("**[T]estimony is inadmissible when it is speculative")** (emphasis added).

## CONCLUSION

For the reasons set forth above, SkyWest should not be allowed to put on testimony that if it had hired Cassell 2017 and he was unable able to avoid a Sabbath flight[3] SkyWest would not have been able to cover that flight or that covering that flight would have been an undue hardship.

DATED this 5th day of January, 2023.

> **STRINDBERG SCHOLNICK BIRCH**
> **HALLAM HARSTAD THORNE**
>
> */S/ Erik Strindberg*
> Erik Strindberg
> Jonathan Thorne
> Attorneys for Plaintiff

---

[3] Which we do not believe would have ever occurred for the reasons set forth by the Court above.

## CERTIFICATION

I hereby certify that the attorneys for both the Plaintiff and the Defendant met via

ZOOM/TEAMS on Thursday, December 29, 2022, to resolve the issues raised in this Motion but

were unable to reach agreement.

Dated this 5th day of January, 2023

/s/ Erik Strindberg
Erik Strindberg

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2023 I caused a true and correct copy of

the within and foregoing to be served, via CM/ECF service, upon the following:

Scott M. Peterson
Tanner Bean
Fabian Vancott
spetersen@fabianvancott.com
tbean@fabianvancott.com

/S/ Erik Strindberg
Erik Strindberg