Erik Strindberg (Utah Bar No. 4154)
Jonathan Thorne (Utah Bar. No. 12694)
**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**
40 South 600 East
Salt Lake City, Utah 84102
(t) 801.359.4169
(f) 801.359.4313
Email: erik@utahjobjustice.com
jonathan@utahjobjustice.com

Todd. R. McFarland (*Pro Hac Vice)*
Deputy General Counsel
Office of General Counsel
**General Conference of Seventh-day Adventists**
12501 Old Columbia Pike
Silver Springs, MD 20902-6600
(t) 301.680.6321
(f) 301.680.6329
Email: mcfarlandt@gc.adventist.org

*Attorneys for Plaintiff*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **SHANE ANDREW CASSELL**<br><br>Plaintiff,<br><br>**v.**<br>**SKYWEST, INC. d/b/a SKYWEST AIRLINES,**<br><br>Defendant. | **PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE TESTIMONY ABOUT ALLEGED VIOLATION OF COLLECTIVE BARGAINING AGREEMENT AND THE SENIORITY BIDDING SYSTEM AND MEMORANDUM**<br><br>Case No. 2:19-CV-00149 JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Shane Andrew Cassell ("Cassell" or "Plaintiff"), by and through his attorneys, hereby submits this Motion in Limine[1] and Memorandum requesting that the Court enter an Order preventing SkyWest's arguing or having witnesses testify that

[1] This is the third of three Motions in Limine that Plaintiff will be filing in this matter.

accommodating Cassell's religious beliefs would have violated the seniority system or the Pilot Policy Manual (referred to by the Defendant as the "Collective Bargaining Agreement"[2]) by giving him preferential bidding rights:

## INTRODUCTION

One argument raised by SkyWest on summary judgment is that accommodating Cassell's religious beliefs would violate its collective bargaining agreement and the seniority bidding system thereby creating an undue hardship for the company. [3] *Memorandum Decision and Order Denying Defendant's Corrected Motion for Summary Judgment ("SJ Order")*, Dkt. #63, pg. 17. It is anticipated that SkyWest will attempt to elicit testimony in support of this argument at trial from one or more of its witnesses. Specifically, it is anticipated that SkyWest will ask Aric Arnold who is the president of the SkyWest Airline Piot Association ("SAPA") to testify about the collective bargaining agreement and how SAPA would never agree to an accommodation that violated the seniority system by giving Cassell what Mr. Arnold has generally referred to as "preferential bidding rights":

> The seniority system is vital to SAPA and its member pilots. SkyWest has not asked, and I would never agree to, a change in the scheduling system that degrades a senior pilot's ability to choose their preferred work schedule or avoid less desirable assignments.

---

[2] The terms "violating the seniority system" and "violating the collective bargaining agreement" will be used interchangeably.

[3] The alleged violation of the collective bargaining agreement and the seniority system also goes to the issue of whether a reasonable accommodation was possible.

*Declaration of Aric Arnold*, Dkt. # 48-1, pg 562, ¶ 5; See also *Deposition of Aric Arnold*, 58:1- 59:1.

## ARGUMENT

SkyWest should be precluded from eliciting testimony or presenting other evidence in support of an undue hardship defense based on an alleged violation of the seniority system, because the reasonable accommodation which SkyWest offered Cassell in 2016 (and which SkyWest claims it re-offered to him in 2017) did not violate the seniority system. Therefore, any testimony about an alleged violation of the seniority system is not relevant and would be prejudicial and therefore should be excluded as it does not meet the standard for admissibility under Fed. R. Evid. 401, and 402 and 403.

In 2016 SkyWest offered to accommodate Cassell's religious beliefs by providing him "with tools to meet his religious requirements [] [including] pursuit of schedule changes as defined by company and departmental resources (e.g. drop/trade shift, bid for desired work assignments, domicile staffing/available shifts)." Dkt. 53-2, pg. 928. In 2017, at the request of SkyWest's HR department, Cassel specifically reaffirmed that he accepted this accommodation and would use the bidding system and the post-bidding procedures of dropping and trading flights (the "tools" offered by SkyWest in 2016) to avoid working on the Sabbath:

> I realize that SkyWest cannot guarantee that I will be provided a schedule that will always allow me to observe my beliefs, therefore it has and will continue to be my intent to use the tools that SkyWest has provided to either bid out of, drop, or trade a shift that may conflict with my beliefs. I have mentors within SkyWest that understand the PBS system. They have offered to teach me how to properly use the system in order to create a schedule that both meets company and personal needs. I am willing to bid for the most

> undesirable flights, stay at the most junior base, and fly the most junior aircraft in order to avoid conflicts with corporate policy. . . . As my tenure increases, my likelihood of conflict decreases due to my increase in seniority, allowing the system to work as designed.

Dkt. # 53-2, pg. 934.[4]

As the Court pointed out in its *SJ Order,* Cassell made clear his intent to work "within the collective bargaining agreement to accommodate his religious beliefs" and never requested preferential bidding rights which might violate the seniority system used to award flights. *Id. at* 17. Therefore, "the proposed accommodations do not require SkyWest to violate its seniority system to give preferential bids to Cassell." *Id. at* 17. This conclusion, that the 2016 accommodation offered to and accepted by Cassell did not violate the seniority system, was confirmed by Aric Arnold in his deposition:

> Q. So you wouldn't -- if [Cassell] had been hired and used these tools [as detailed in the 2016 Memorandum], SAPA would be fine with that?
>
> A. Yes.
>
> Q. And these tools that are addressed in 18 Exhibit 14, they do not violate the seniority system, do they?
>
> A. They're based on seniority.
>
> Q. And by -- because they're based on seniority, it means they don't violate the seniority system, correct?
>
> A. Correct.

*Aric Arnold Dep.* 110:14-24. Accordingly, any argument that accommodating Cassell if SkyWest had hired him would be an undue hardship by violating the seniority system is a "red herring." *Id. at*17.

---

[4] Cassell also admitted in his deposition that flight schedules and employee benefits are awarded based on seniority (and will take the same position at trial.) *Cassell Dep*. 29:23-30:13.

To be relevant, evidence must make a fact more, or less, probable and must be of consequence in determining the action. Fed. R. Evid. 401. Because the Court has already concluded (and SkyWest has conceded), that accommodating Cassel would not have given him preferential bidding rights or violate the seniority bidding system, any such testimony (i.e., that an accommodation meant giving Cassell preferential bidding rights in violation of the seniority system) would not help the jury decide whether accommodating Cassell's religious beliefs posed an undue hardship. Such testimony therefore does not meet the requirement of Federal Rule of Evidence 401 and should not be allowed. *Csuha v. Best Friends Animal Society*, 524 F.Supp.3d 1196, 1198 (D. Utah 2021).

Even if it is assumed, *arguendo*, that such testimony has some probative value, it should be excluded under Rule 403. If this testimony is allowed it would mislead and confuse a jury by making it seem that preferential treatment was a factor to be weighed in determining if the accommodation posed an undue hardship to SkyWest. It would also confuse the issues of whether SkyWest offered Cassell an accommodation in 2017 and whether it treated Cassell less favorably than those who needed time off for non-religious reasons. Allowing the jury to consider an argument that has already been decided by this Court would certainly be prejudicial to Cassel. Therefore, any testimony and argument contending that accommodating Cassell entailed giving him preferential bidding rights in violation of the collective bargaining system should be excluded.

DATED this 5th day of January, 2023.

**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**

*/S/ Erik Strindberg*
Erik Strindberg
Jonathan Thorne
Attorneys for Plaintiff

**CERTIFICATION**

I hereby certify that the attorneys for both the Plaintiff and the Defendant met via ZOOM/TEAMS on Thursday, December 29, 2022, resolve the issues raised in this Motion but were unable to reach agreement.

Dated this 5th day of January, 2023

*/s/ Erik Strindberg*______________
Erik Strindberg

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2023 I caused a true and correct copy of the within and foregoing to be served, via CM/ECF service, upon the following:

Scott M. Peterson
Tanner Bean
Fabian Vancott
spetersen@fabianvancott.com
tbean@fabianvancott.com

*/S/ Erik Strindberg*
Erik Strindberg