Erik Strindberg (Utah Bar No. 4154)
Jonathan K. Thorne (Utah Bar No. 12694)
**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**
675 East 2100 South, Suite 350
Salt Lake City, Utah 84106
(t) 801.359.4169
(f) 801.359.4313
email: erik@utahjobjustice.com
       jonathan@utahjobjustice.com

Todd. R. McFarland (Pro Hac Vice)
Associate General Counsel
Office of General Counsel
**General Conference of Seventh-day Adventists**
12501 Old Columbia Pike
Silver Springs, MD 20902-6600
(t) 301.680.6321
(f) 301.680.6329
Email: mcfarlandt@gc.adventist.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SHANE ANDREW CASSELL,<br><br>Plaintiff<br>v.<br><br>SKYWEST, INC. d/b/a SKYWEST AIRLINES,<br><br>Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #2: RE: REASONABLENESS OF ACCOMMODATION**<br><br>Case No. 2:19-CV-00149 JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Shane Andrew Cassell (hereinafter "Cassell"), by and through his undersigned attorneys, hereby submits this Memorandum in Opposition to Defendant's Motion in Limine #2 Regarding the Reasonableness of the Accommodation (*Dkt. #85*):

1

## INTRODUCTION

SkyWest seeks an Order from the Court to (1) exclude any testimony or evidence that the religious accommodation offered to Cassell in 2016[1] was not reasonable; and (2) instruct the jury that it is undisputed and admitted by Cassell that SkyWest's offered accommodation was reasonable for purposes of Title VII. SkyWest's argument is predicated on two arguments.

Moreover, as discussed in Argument A, there is a fundamental or inherent problem with Defendant's Motion in Limine; SkyWest has not defined what constitutes the "reasonable accommodation" set forth in the 2016 Memorandum. As this Court recognized from the summary judgment briefing and oral argument, the parties have a much different understanding of what was meant by, or in other words, how effective, the 2016 accommodation would have been in allowing Cassell to avoid Sabbath flights. *Dkt. #63* at 6. Cassell believed that the 2016 accommodation would have allowed him to avoid all Sabbath work, while SkyWest claims that it would have been only partially effective in eliminating Sabbath flights. This differing "interpretation" is central the jury resolving two key factual disputes – whether Cassell could have "exercised the accommodation to avoid"

---

[1] To make sure there is no misunderstanding, the accommodation offered in 2016 was set forth in the *Memorandum of Agreement dated October 27, 2016,* attached as *Ex. A*. The key language reads as follows: "[A]s an accommodation we have provided FO Cassell with the tools to meet his religious requirements. Options include pursuit of schedule changes as defined by company and departmental resources (e.g. drop/trade, bid for desired work assignments, domicile staffing/available shifts)" [sic] This will be referred to as either the "2016 accommodation" or the "2016 tools."

Sabbath flights and "whether he rejected the accommodations." *Dkt. #63* at 14 & 16. Entering an order that the 2016 accommodation was a "reasonable accommodation" would not be helpful in answering these questions as it would confuse the jury as to whether the "reasonable accommodation" means SkyWest's interpretation or Cassell's.[2]

And as will be discussed in Argument B, SkyWest's argument is based on two assertions: First, that a footnote authored by Plaintiff's counsel in the Opposition to Summary Judgment Brief (*Dkt. #53*) is effectively a judicial admission. Second, this Court has already concluded and "ruled" in its summary judgement decision that the accommodation it offered in 2016 was "reasonable." Neither argument is meritorious – most significantly, this Court has not ruled that the "reasonableness of the accommodation is already decided" as SkyWest has argued.

## ARGUMENT[3]

A. **Entering an Order that the 2016 accommodation was reasonable serves no purpose and is confusing**.

There is no disagreement as to what was written in the 2016 Memorandum Agreement:

---

[2] It almost seems that SkyWest through this motion and other motions in limine is attempting to get the court to reconsider its summary judgment decision and take the key factual determinations away from the jury. *Dkt. #63* at 14.

[3] Cassell has chosen not to respond to each numbered fact paragraph as it seems more efficient to simply discuss the evidence in the context of the legal argument. This decision not to respond to each numbered paragraph in each motion in limine is not an admission that the facts as set forth in those paragraphs are true (many of which contain an inaccurate recitation of those facts).

> However, as an accommodation we have provided FO Cassell with tools to meet his religious requirements. Options include pursue of schedule changes as defined by company and department resources (e.g. drop/trade shift, bid for desired work assignments, domicile staffing/available shifts)

However, the parties disagree as to how effective these tools were at resolving the Sabbath work conflict (or put another way, what accommodation was being offered by SkyWest.) SkyWest insists that the 2016 accommodation meant that Cassell would have been able to avoid some Sabbath shifts, but not all.[4] Cassell on the other hand believes that this accommodation meant he completely could have avoided Sabbath flights.[5] This difference is crucial. If the accommodation is as defined by SkyWest, it might mean that when Cassell refused to agree to work on the Sabbath he was effectively rejecting the accommodation. However, under Cassell's interpretation and understanding (that he could have used these tools to avoid Sabbath) then his statement to the interviewer in 2017 that he would not work on the Sabbath is not a rejection of the accommodation.

As the Court pointed out in its summary judgment motion it is a jury question as to whether SkyWest offered the 2016 accommodation to Cassell in 2017. *Dkt. #63* at 10-11. It is also for the jury to decide if "Cassell could have exercised the accommodation to avoid Sabbath work if given the opportunity" and "whether Cassel's refusal to work on the

---

[4] In other words, SkyWest appears to argue that the 2016 accommodation included a requirement that Cassell work Sabbath shifts if he couldn't otherwise bid/swap/drop the shift.

[5] In some circumstances there are other tools available to Cassell that would have allowed him to avoid Sabbath flights, such as the pilot reserve system.

4

Sabbath was a rejection of SkyWest's offer of accommodation." *Dkt. #63* at 14 & 16. Ruling that the 2016 accommodation was reasonable would do nothing to help the jury resolve these questions. In fact, just the opposite, as it would confuse the jury as to exactly which version of the 2016 accommodation it should consider when attempting to answer these questions. A confusion with a profound impact on the issue of whether Cassell rejected the 2016 accommodation when he reapplied in 2017.

Even in the absence of confusion, the caselaw does not support SkyWest's claim that the 2016 accommodation was reasonable even if it meant Cassell would have to work some Sabbath flights. While an employer may meet its obligation to accommodate an employee's religious practices or beliefs by using a neutral policy applicable to all employees, that policy is not a "*reasonable accommodation*" if it does not eliminate the conflict between the employment requirements and religious practices or beliefs:

> In this case, an accommodation will not be reasonable if it only provides Plaintiffs an opportunity to avoid working on some, but not all, Saturdays. See Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 70, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986).

*Tabura v. Kellogg, USA*, 880 F.3d 544045 (10th Cir, 2018); *See also EEOC v. Abercrombie & Fitch Stores, Inc*. 135 S. Ct. 2028, 2034 (2015). In other words, if SkyWest's accommodation required Cassell to agree to violate his religious convictions and work some Sabbaths if he couldn't otherwise drop/trade/swap, the accommodation under the law is not reasonable. Accordingly, instructing the jury that the 2016 accommodation was

5

reasonable even under SkyWest's interpretation would be confusing and contrary to the law.

    **B. This Court has not ruled that the accommodation offered to Cassel in 2016 was Reasonable.**

SkyWest incorrectly contends that "the Court has already made its legal conclusion that the accommodation offered to Cassell . . . was reasonable." *Dkt. #85* at 4. Rather, the Court simply **presumed** that it was for the purpose of evaluating at the summary judgment step, whether SkyWest made the accommodation available to Cassell in 2017. *Dkt. #63* at 9-10. To **presume** a fact is to accept it as "true without proof."[6] Presuming that something is true, for the purpose of focusing on the central issue of whether the accommodation was made available in 2017 is simply not a "legal conclusion" as SkyWest contends.

Similarly, SkyWest's attempt to elevate the Court's discussion in footnote 3 in its Memorandum Decision and Order to a ruling that constitutes the "law of the case" is simply going too far. *Dkt. #63* at 9-10. The discussion in footnote 3 was about the tension between the decision in *Hardison*, 432 U.S. at 77, and the later decision of *E.E.O.C. v. Abercrombie & Fitch Stores, Inc*, 575 U.S. 7 68 (2015). The Court did state that it was bound by "precedent holding that voluntary shift swapping is a reasonable accommodation in light of a **neutral union-mandated** seniority system. . . ." (emphasis added). However, the Court made no ruling as to whether that precedent applied here (or how it might apply),

---

[6] www.mirriam-webster,com

apparently because it determined that the proposed accommodation did not violate the seniority system and therefore it did not need to reach the issue of whether the "collective bargaining agreement negotiated by SAPA is valid." *Dkt. #63* at 16, n. 7.

SkyWest's argument is predicated on the mistaken assumption that while the Court denied its summary judgment motion it made other rulings regarding material facts. Rule of Civ. P. 56(g) allows a court to make such rulings if it does not grant a party's motion in its entirety:

> If the court does not grant all the relived requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

*See for example Blocker v. ConocoPhillips Company*, 378 F. Supp. 3rd 1066, 1074 (W.D. Oklahoma, 2019). However, for a fact to be established under Rule 56(g) requires the Court to enter an actual order to that effect:

> According to Rule 56(g), if a "court does not grant all the relief requested by the [summary judgment] motion, it *may* enter an order stating any material fact-including an item of damages or other relief-that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g) (emphasis added). Rule 56, therefore, does not automatically bind parties to facts established for the purposes of summary judgment, although a court may establish a fact in the case by entering an order.

*CIVIX-DDI, LLC v. Hotels.com L.P.,* 2012 WL 6591684 (N.D. Ill. 2012), *See also In Re Kahn,* 2015 WL 5168381 (Bank. C.D. Ca. 2015)(the court went through the statement of fact, determined which had been admitted, and then entered an Order).

Here the Court entered only one Order: "For the foregoing reasons, the court DENIES SkyWest's motion for summary judgment." *Dkt. #63* at 24. It simply did not enter an order which found that certain facts were not in dispute as required under Rule 56(g).

This lack of an order that comported with 56(g) also means that even if it is assumed, *arguendo*, that Cassell admitted in his Opposition Brief that the accommodation was reasonable, the court has accepted this admission only for the purposes of summary judgment. As the 2010 comments to Rule 56(g) point out, a party can strategically admit a fact for the purposed of summary judgment and should not be bound by that admission at trial:

> The court must take care that this determination [whether to enter a 56(g) order] does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

*Fed. R. Civ. P. 56(g), 2010 Notes of Advisory Committee*

Here, Cassell did just that – not challenge the reasonableness of the accommodation as it was unnecessary to do so for the purposes of summary judgment. The footnote that SkyWest refers to was made in the context of Cassell responding to SkyWest's argument that he had rejected the 2016 accommodation. *Dkt. #53* at 5-7. In this context there was no need to "challenge the reasonableness of the accommodation as he believed the tools set forth in the 2016 memorandum would have allowed him to avoid Sabbath work. See *Dkt.*

*#53*, response to statement of fact, ¶ 57. Because of this it would be improper to hold this footnote against Cassell.

## CONCLUSION

For the reasons set forth above, SkyWest's Motion in Limine #2 should be denied.

DATED this 17th day of January, 2023.

**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**

/s/ Erik Strindberg
Erik Strindberg
Jonathan K. Thorne

## CERTIFICATE OF COMPLIANCE

I, Erik Strindberg, certify that this PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #2: RE: REASONABLENESS OF ACCOMMODATION contains 2,041 words and complies with the DUCivR 7-1(a)(4)(D).

DATED this 17th day of January, 2023.

**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**

*/S/ Erik Strindberg*
Erik Strindberg
Jonathan Thorne
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2023 I caused a true and correct copy of the foregoing to be served upon the following via CM/ECF:

Scott M. Peterson
Tanner Bean
Jacqueline Rosen
Fabian Van Cott
speterson@fabianvancott.com
tbean@fabianvancott.com
jrosen@fabianvancott.com

                                                  /s/ Erik Strindberg
                                                  Erik Strindberg