IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SHANE ANDREW CASSELL**,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>**SKYWEST**,<br><br>　　　　　　　　　Defendant. | TRIAL ORDER<br><br>Case No. **2:19-cv-00149-JNP-DAO**<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

　　　　The final pretrial conference in this matter is scheduled for **July 23, 2024 at 2:00 p.m.** The hearing will be held over zoom unless the parties request an in-person hearing. The court will hear oral argument on all motions in limine during this conference. Counsel should also be prepared to discuss voir dire, jury instructions, and the verdict form. **Counsel who will try the case must attend.** Any attorney not present at this conference will not be permitted to participate in the trial.

　　　　This case is set for a 5-day jury trial to begin on **July 29, 2024 at 9:00 a.m. in Room 8.200.** The attorneys are expected to **appear in court at 8:30 a.m.** on the first day of trial for a brief pre-trial meeting.

　　　　Counsel are instructed as follows:

**1. Court-Imposed Deadlines**

　　　　The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. A party that believes an extension of time is necessary **must** make an appropriate motion to the court and that motion may be joined by the other party.

**2. Voir Dire**

　　　　The court's standard voir dire template may be found on the court's website or may be obtained by contacting chambers. That template includes an "Initial Juror Questionnaire," "Questions from the Bench," and a "Case-Specific Questionnaire." The Case-Specific Questionnaire will ask the jurors whether they would prefer to discuss any of their responses in private.

　　　　Pursuant to Rule 48(a) of the Federal Rules of Civil Procedure, the court intends to empanel a jury of eight members with no alternates. Voir dire will be conducted according to the following procedure. The potential jurors will be given the juror questionnaires in the jury assembly room.

1

Each potential juror will respond in writing before voir dire begins. Court staff will collect the Initial Juror Questionnaire and the Case-Specific Questionnaire from each juror and make photocopies that will be provided to counsel. The court will ask counsel to introduce themselves, their staff, and their witnesses. The court will then read the Questions from the Bench. The potential jurors will be asked to raise their hands if they answer "yes" to any of these questions. Afterward, the court will question each juror in turn, exploring issues raised by the Initial Juror Questionnaire and the Case-Specific Questionnaire. Next, plaintiff's counsel will be given 30 minutes to question the jurors, followed by 30 minutes of questions from defense counsel. Counsel may question jurors as a group or question individual jurors.

When the attorneys have finished their questions, the court will invite counsel and the court reporter to a conference room where the court and the attorneys can ask additional questions of any potential jurors who indicated that they wished to discuss a response to the Case-Specific Questionnaire in private. After the conclusion of any private follow up questions, the court will entertain challenges for cause. Finally, the court will reconvene the remaining jurors in the courtroom and the parties can exercise their peremptory challenges. Pursuant to 28 U.S.C. § 1870, each party will have three preemptory challenges.

The parties are to follow the following procedure to suggest questions to be asked in the Case-Specific Questionnaire or any changes to the Initial Juror Questionnaire or Questions from the Bench:

(a) The parties must review the court's standard voir dire question template. The parties must then serve on each other by **July 9, 2024** proposed questions for the Case-Specific Questionnaire as well as any proposed changes or additions to other portions of the juror questionnaire. The parties must meet and confer in order to agree on a single set of voir dire questions to the extent possible. Counsel should keep in mind that the final Case-Specific Questionnaire that the court submits to the potential jurors will be limited to one page.

(b) The parties must jointly file a single document containing any proposed changes or additions to the court's standard voir dire questions and email a Word or WordPerfect version of the document to utdecf_parrish@utd.uscourts.gov by **July 16, 2024**. That document should identify each proposed change or additional question and state whether the proposed change is stipulated to by all parties. Any proposed alteration that is not stipulated to by all parties should be clearly identified.

(c) Proposed voir dire questions should be drafted in a form that can be answered in writing with a "yes" or "no." A "yes" answer should indicate that there may be a need for additional follow-up questions. For example, "Are you aware of any reason why you cannot serve impartially on the jury in this case?"

### 3. Jury Instructions and Verdict Form

The procedure for proposed jury instructions and verdict form is as follows:

(a) The parties must review the court's standard jury instructions found on the court's website.

(b) The parties must serve their proposed jury instructions and verdict forms on each other by **June 25, 2024.** The parties must then confer in order to agree on a single set of jury instructions, and verdict form to the extent possible. It is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions and the verdict form for the case.

(c) The parties must jointly file with the court a **single set** of the parties' proposed jury instructions by **July 8, 2024.** The parties must also email a Word or WordPerfect version of the proposed jury instructions to utdecf_parrish@utd.uscourts.gov. That single document should include all of the proposed jury instructions for **both** parties. All instructions should be labeled and numbered. Any instruction that was agreed upon should be labeled "Joint Instruction No. #." Any instruction that was not agreed upon should include, and clearly label, **both** parties' proposals. Any instruction not agreed upon should include citations to the legal authority that provides the basis for the instruction. The document should not, however, include any objections or legal argument. Rather, all objections to proposed jury instructions and verdict forms should be filed in conformity with subsection (e). An example of the proper formatting and content of this document is found on the court's website.

(d) Each party must file its objections, if any, to jury instructions proposed by the other party by **July 12, 2024.** Any objections must recite the proposal in its entirety and specifically highlight the objectionable language contained therein. Objections must contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must** submit an alternative instruction covering the pertinent subject matter or principle of law. A copy of the proposed alternative instruction must be filed with the court and emailed to utdecf_parrish@utd.uscourts.gov as a Word or WordPerfect document. Any party may, if it chooses, submit a brief written response in support of its proposed instructions by **July 16, 2024.**

(e) All instructions must be short, concise, understandable (i.e. written in plain English), and *neutral* statements of law. Argumentative instructions and voir dire questions are improper and will not be given.

(f) Modified versions of statutory or other form jury instructions (*e.g.*, Federal Jury Practice and Instructions) may be acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the court to authority, if any, supporting such a modification.

**4. Motions in Limine**

Before filing any *Daubert* motion or any motion in limine, the parties must meet and confer to attempt to resolve the dispute. All *Daubert* motions and motions in limine are to be filed with

3

the court by **July 2, 2024.** A separate motion must be filed for each preliminary ruling sought. Each motion must specifically identify the relief sought, include a certification that counsel met and conferred, and a proposed order. If the motion concerns a proposed exhibit, the entire exhibit should also be attached. Response briefs must be filed by **July 9, 2024**. There will be no reply. No motion in limine or response brief may be longer than ten pages in length.

## 5. Courtroom Equipment and Recorded Testimony

If counsel wish to use any courtroom equipment, such as easels, projection screens, etc., they must so indicate at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves in advance of trial with any equipment they intend to use.

Any party desiring to present testimony of a witness by recorded means, whether video, audio or paper, must serve a designation of the testimony by **June 25, 2024.** This shall not be filed with the court.

The designation must include specific citations to the testimony intended to be introduced. The opposing party must serve its objections on the party intending to offer the recorded testimony by **July 2, 2024.** The parties must then meet and confer (with at least one in-person meeting) to resolve any disputes. After that conference, the designating party shall file its designation, as well as a full transcript of the testimony (not just the portions designated) with the court by **July 9, 2024.** Any remaining objections to that designation must be filed with the court by **July 16, 2024**.

A party intending to use recorded testimony is strongly encouraged to present the deposition by video or to display the deposition text as the deposition is presented and, if read, to use a professional reader who has rehearsed the reading with the attorney.

## 6. Trial Briefs

Each party must file a Trial Brief by **July 16, 2024.** Each brief must include a list of all witnesses to be called and a short statement as to the substance of each witness's testimony. The plaintiff's trial brief must contain an outline of the elements of each cause of action, with the facts supporting that element listed under each element. The defendant's trial brief must contain a similar outline of the elements and facts for each cause of action in any counterclaim or third-party claim. Any party raising an affirmative defense must outline the elements of such defense and the facts supporting that element.

## 7. Exhibit Lists/Marking Exhibits

(a) Counsel for all parties must exchange with all opposing parties copies of each exhibit to be used at trial. The plaintiff must provide opposing counsel such exhibits by **June 18, 2024**. The defendant must provide opposing counsel such exhibits no later than **June 25, 2024**. Counsel must clearly mark any exhibits that will be used during opening statements.

 (b) Parties must meet and confer in order to stipulate to non-objectionable exhibits. In order to save the jury's time, all stipulated exhibits will be admitted into evidence during the pre-trial meeting immediately prior to voir dire.

 (c) After eliminating duplicate exhibits, each party must prepare an exhibit list in Word or WordPerfect format for the court's use at trial. Standard forms for exhibit lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Lindsay Hola, at 801-524-6018.

 (d) All parties are required to pre-mark their exhibits to avoid taking up time during trial for such purposes.

 (e) All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically preceded by a designation of the party offering the exhibit, such as "Plaintiff's Exhibit ___" or "Defendant's Exhibit ___." Counsel are to designate a range of numbers to be used by each side to avoid the same number being used for more than one exhibit. For example, if the plaintiff elected to use the numeric range of 1 to 100, the defendant would begin at the numeric range of 200. Alphabetic identification is not permitted.

 (f) **Parties may not consolidate multiple documents into a single compilation exhibit unless they stipulate to the admissibility of ALL of the documents contained in the compilation exhibit. Otherwise, parties must mark each individual document as a separate exhibit.**

 (g) Pages of documentary exhibits must retain bates stamps used when the documents were produced in discovery.

 (h) Original exhibits must be stapled.

 (i) Two trial notebooks containing paper copies of exhibit lists and marked exhibits must be submitted to the court by **July 23, 2024.** The exhibit list must be filed with the court and emailed as a Word or WordPerfect document to utdecf_parrish@utd.uscourts.gov. The notebooks should also include a list of all exhibits to be admitted via stipulation of the parties.

 (j) Electronic copies of all exhibits must also be submitted on a CD/DVD Rom or thumb drive in PDF format. Optical Character Recognition (OCR) must be run on the PDF files to enable text searching of the exhibits.

**8. Witness Lists**

All parties are required to prepare a separate witness list for the court's use at trial. The list contained in the trial brief will not be sufficient. Standard forms for witness lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Lindsay Hola, at 801-524-6018. Witness lists must be filed with the court and

emailed as a Word or WordPerfect document to utdecf_parrish@utd.uscourts.gov by **July 23, 2024.**

### 9. Pretrial Objections

The requirement for objections to exhibits under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure is superseded by this order. Any objection to the authenticity of an exhibit as defined by Rule 901 of the Federal Rules of Evidence, and any objections of any nature to exhibits that will be used by counsel during opening arguments, must be made in writing, and filed with the court, no later than **July 9, 2024**.

Any party intending to offer evidence under Federal Rule of Evidence 902(11) or (12) must provide to opposing counsel and file with the court a notice of their intent by **July 2, 2024**. Any objections must be made in writing no later than **July 9, 2024**.

The court will address these challenges at the final pretrial conference. All other objections to an exhibit's admissibility are reserved until the exhibit is offered at trial.

### 10. Judicial Notice

Any party seeking judicial notice of a of a fact must file a request with the court no later than **July 9, 2024**. Any objection must be made in writing no later than **July 16, 2024**.

### 11. Presentation of Exhibits at Trial

A hard copy of every exhibit offered in evidence shall be presented to the court and to the witness at the time the exhibit is first used. The court will maintain a copy for later use by the court or by a subsequent witness.

### 12. In Case of Settlement

Pursuant to DUCivR 41-1, the court will tax all jury costs incurred as a result of the parties' failure to give the court notice of settlement less than one full business day before the commencement of trial. Leaving a voice mail message or sending notice by fax or email is not considered sufficient notice to the court. If the case settles, counsel must advise the jury administrator and a member of this chamber's staff through a personal visit or person-to-person telephonic communication at least one full business day before the commencement of trial.

### 13. Courtroom Conduct

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a) Please be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.

(b) Stand as court is opened, recessed or adjourned.

(c) Stand when the jury enters or retires from the courtroom.

(d) Stand when addressing, or being addressed by, the court.

(e) In making objections and responding to objections to evidence, counsel must state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402," or "Objection . . . hearsay and inadmissible under Rule 802."

(f) Sidebar conferences are discouraged. Most matters requiring argument must be raised during recess. Please plan accordingly.

(g) Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(h) Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(i) Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

(j) Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(k) Offers of, or requests for, a stipulation must be made out of the hearing of the jury.

(l) When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

(m) Closing argument will follow the court's final instructions to the jury. Counsel are cautioned that any closing rebuttal argument must be limited to addressing new issues raised during the defendant's closing argument. The court will sustain an objection and instruct the jury to disregard rebuttal argument that could and should have been made in the plaintiff's initial closing argument. The plaintiff's closing argument must be

structured to allow the defendant a fair opportunity to address the argument in its closing.

(n) Counsel are reminded that vouching is improper. In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue. The following examples would be improper: "I believe the witness was telling the truth," or "I found the testimony credible."

(o) The court will equally divide the agreed upon number of trial hours between Plaintiff and Defendant and assign this time to each side's counsel for presentation of evidence, opening and closing statements, and arguments to the jury. Each time an attorney speaks or engages in questioning, the court will subtract this time from their allotted amount. If a party exhausts their witnesses before the end of a trial day and, thus, delays the conclusion of the trial, the time the court would have otherwise heard testimony will be deducted from their allotted time.

Signed October 2, 2023

BY THE COURT:

Jill N. Parrish
United States District Judge